**SO ORDERED.**

**SIGNED this 22 day of July, 2011.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

HUBERT EARL KING, JR.             CASE NO. 11-03408-8-JRL
FLORETTA SHERRELL KING,       CHAPTER 13

     DEBTORS.

## ORDER ALLOWING DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 522(f)(1) (AVOIDANCE OF JUDGMENT LIEN OF ALLISON FENDERSON)

     This matter comes on before the Court upon the Motion of debtors for avoidance of judgment lien of Allison Fenderson (hereafter "creditor"). The Motion was filed on May 17, 2011 and a response was filed on May 27, 2011. A hearing was held on July 13, 2011. It appears to the Court from the record:

     1.     The debtors' Motion was filed pursuant to 11 U.S.C. § 522(f)(1) and Bankruptcy Rule 4003 to avoid a judgment lien held by the creditor in real property owned by the debtors.

     2.     Prior to the filing of the petition herein the creditor obtained a judgment against the debtors and a judgment lien against the real property of the debtors.

     3.     The debtors filed a voluntary Chapter 13 Petition on May 3, 2011, and listed the above named creditor as a creditor with a claim. This claim is secured by a judgment lien entered at the office of the Wake County Clerk of Superior Court in Civil Action No. 07 CVS 20167 on September 18, 2009. The amount of the judgment on the filing date was $254,671.03.

     4.     This judgment created a lien on real property located at 1720 East Ridge Heights Drive, Fuquay Varina, NC 27526-6883 in which the debtors have an interest and

as reflected in a deed recorded at Book 9408, Page 1039, Wake County Registry, this real property is more specifically described as:

> BEING all of Lot 108, Willow Creek Subdivision, Phase 5A, as shown on map recorded in Map Book 2000, Pages 2287 and 2288, Wake County Registry.

5.    The real property noted in Paragraph 4 is valued in the petition at $200,000.00 and is subject to a deed of trust to Select Portfolio Servicing, Inc., in the approximate amount of $176,708.00.

6.    The aforesaid lien constitutes a judgment lien under 11 U.S.C. § 522(f)(1).

7.    The real property noted is property which the debtors have exempted under § 522(b) and N.C.G.S. § 1C-1601(a)(1) in the amount of $60,000.00.

8.    The existence of the creditor's judgment lien on the real property owned by the debtors impairs an exemption to which the debtors are entitled under 11 U.S.C. § 522(b) and N.C.G.S. § 1C-1601(a)(1).

It is therefore,

Ordered that the Motion is allowed; it is further,

Ordered that the lien of the creditor is avoided contingent on the debtors' obtaining a discharge in this case and the judgment creditor not prevailing in a adversary proceeding finding that the judgment is non-dischargeable.  The party that prevails in the adversary proceeding shall be responsible to record the bankruptcy court judgment into the Wake County Superior Court file.

End of Document